Weygandt, C. J.,
 

 dissents for four reasons, any one of which requires a reversal of the judgment of the Court of Appeals.
 

 In the first place it must be kept clearly in mind that this matter is before this court on the demurrer to the petition. This of course means that every well-pleaded fact is admitted. One of these facts is that the questioned action of the Municipal Court is predicated upon what is designated as a “motion in mitigation.” The relator insists that this is an anomaly in criminal procedure in Ohio because there is no statutory provision therefor. The majority opinion boldly asserts that “this criticism is a specious one”; but it should be noted that no authority is cited in support of this statement for the very good reason that none can be found. In the jurisprudence of Ohio nothing is more firmly settled than the principle that the criminal law of the state is statutory, and this applies to procedural as well as to substantive law. This court has repeatedly and consistently so held from the early case of
 
 Winn
 
 v.
 
 State,
 
 10 Ohio, 345, to the' very recent pronouncement in the ninth paragraph of the syllabus in
 
 Eastman
 
 v.
 
 State,
 
 131 Ohio St., 1, 1 N. E. (2d), 140, in which every member of the present court concurred. The majority opinion completely disregards this unbroken line of precedents, because not even counsel for the respondent makes any
 
 *153
 
 contention that there is any statute which makes mention of any such process as a “motion in mitigation.” Consequently when the Municipal Court pretended to rule upon such a motion it granted a mere nullity which could be effective for no purpose whatsoever; and yet the majority opinion places a stamp of approval thereon.
 

 In the second place the effect of the majority opinion is that the important phrase “at the time of sentence” is judicially legislated completely out of the statute. It is said that “if there bé no sentence, there can be no remission” and therefore the court may remit or suspend the sentence at
 
 any
 
 time thereafter. This conclusion is clearly a
 
 non
 
 sequitur. Of course there must be a sentence before there can be a remission or suspension of it, but how can it be said to follow therefrom that the remission or suspension thereof may be granted a month or a year or ten years thereafter rather than concurrently' and coincidentally therewith i. e. “at the time of sentence”? To hold that the remission or suspension of a sentence a month or a year or ten years later takes place at the “time of sentence” would seem to require no refutation other than the mere statement of it.
 

 In the third place the majority opinion makes no mention of the inseparably related statutes, Section 13451-1, General Code, Section 13451-2, General Code, and Section 13451-4, General Code, which read as follows :
 

 “Before sentence is pronounced the defendant must be informed by the court of * * * the finding of the court, and asked whether he has anything to say why judgment should not be pronounced against him.
 

 ‘‘
 
 The court may hear testimony in mitigation of sentence at the term of conviction or plea, or at the next term. The prosecuting attorney may offer testimony on behalf of the state, to give the court a true under
 
 *154
 
 standing of the case: The court shall determine whether sentence ought immediately to be imposed or the defendant placed on probation as provided by law.
 

 “If the defendant does not show sufficient cause why judgment should not be pronounced, the court shall'pronounce the judgment provided by law.”
 

 Under the provisions of the first of these sections, the court must, before, sentence, ask the defendant whether he has anything to say as to why judgment should not be pronounced against him. Then follows the provision in the next section to the effect that the court may hear testimony in mitigation of sentence. The next provision gives the prosecuting attorney also an opportunity to offer testimony on behalf of the state in order to give the court a true understanding of this feature of the case. Then after this has been done, the court shall, under the next provision, determine whether sentence ought immediately to be imposed. All of this is permitted to be done “at the term of conviction or plea, or at the next term.” Thus courts are given every opportunity to consider the matter of mitigation both
 
 before
 
 and
 
 at the time of sentence,
 
 and nowhere in these or related statutes can there be found a single word about mitigation at any later time. Yet in face of the undisputed rule that criminal statutes are construed more strictly than those involving civil law, the majority opinion attempts to justify a conclusion to the contrary.
 

 In the fourth place there is another feature of this case that requires comment. The petition alleges and the demurrer admits that the Municipal Court took the questioned action “without notifying the relator or the chief police prosecutor in charge of criminal prosecutions in the criminal branch of the Municipal Court of Cleveland, or any other assistant police prosecutor.” Apparently the Municipal Court over
 
 *155
 
 looked the important fact that a criminal case is of an adversary nature, and all parties, including the state, are entitled to be present in order to protect their interests. But in the situation here involved the statute specifically gives the prosecuting attorney the right to “offer testimony on behalf of the state.”-. Of course he could not exercise this right when the court improperly conducted the matter as an
 
 eoc parte
 
 proceeding. Yet the decision of the majority of this court sanctions this sort of glaring and indefensible irregularity.
 

 For the foregoing reasons the record in this case requires a reversal of the judgment of the Court of Appeals.
 

 Zimmerman, J., concurs in the foregoing dissenting opinion.